IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,
    601 Riverside Avenue
    Jacksonville, Florida 32204

                   *Plaintiff,*

v.

CENTERPARK THEATRE, L.L.C.,
Serve:      Richard A. Perkins, R/A
          4061 Powder Mill Road, Suite 703
          Calverton, Maryland 20705
And Serve:  Barry A. Haberman, Esquire
          51 Monroe Street, Suite 1507
          Rockville, Maryland 20850

and

CENTERPARK TWO, L.L.C.,
Serve:      Richard A. Perkins, R/A
          4061 Powder Mill Road, Suite 703
          Calverton, Maryland 20705
And Serve:  Barry A. Haberman, Esquire
          51 Monroe Street, Suite 1507
          Rockville, Maryland 20850

and

PRP REI, LLC
Serve:      Paul C. Dougherty, R/A
          1700 K Street, NW, Suite 720
          Washington, DC 20004
And Serve:  Robert G. Gottlieb, Esquire
          Venable, LLP
          575 7th Street, N.W.
          Washington, D.C. 20004

                   *Defendants.*

Case No. CAL14-25659

# FILED

SEP 22 2014

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGES COUNTY, MD.

COMPLAINT FOR
INTERPLEADER

## COMPLAINT FOR INTERPLEADER

COMES NOW Plaintiff, Commonwealth Land Title Insurance Company, by and through undersigned counsel, and files this Complaint for Interpleader against Centerpark Theatre, L.L.C., Centerpark Two, L.L.C., and PRP REI, LLC, and further states:

### PARTIES

1.    Plaintiff Commonwealth Land Title Insurance Company ("Plaintiff Escrow Agent") is a title insurance company authorized to transact business in the State of Maryland.

2.    Defendant Centerpark Theatre, L.L.C. ("Seller Defendant"), on information and belief, is a Maryland limited liability company with its principal place of business in the State of Maryland.

3.    Defendant Centerpark Two, L.L.C. (also a "Seller Defendant"), on information and belief, is a Maryland limited liability company with its principal place of business in the State of Maryland.

4.    Defendant PRP REI, LLC ("Buyer Defendant"), on information and belief, is a Delaware limited liability company authorized to transact business in the State of Maryland.

### JURISDICTION AND VENUE

5.    Personal jurisdiction over each of the Defendants in this action is appropriate under Md. Code Ann., Cts. & Jud. Proc. Art. § 6-103(b)(1) because the claim arises out of business conducted by the various Defendants relating to certain real property located in Prince George's County, Maryland.

2

6.      Venue is appropriate in this Court under Md. Code Ann., Cts. & Jud. Proc. § 6-201(a) because this action arises out of business carried on with respect to real estate located in Prince George's County, Maryland.

7.      A justiciable controversy exists among the parties as to how the Escrow Deposit monies should be distributed.

## NATURE OF ACTION

8.      This is an action in interpleader by Plaintiff Escrow Agent, Commonwealth Land Title Insurance Company, pursuant to Maryland Rule 2-221(a), for a discharge of Plaintiff's liability with respect to a dispute regarding a cancelled commercial escrow transaction between Seller Defendants Centerpark Theatre, L.L.C., Centerpark Two, L.L.C., and Buyer Defendant PRP REI LLC for the purchase and sale of certain real property located at 4001 and 4061 Powder Mill Road, Beltsville, Maryland  20705 (the "Property"). The cancelled commercial escrow transaction is governed by a Purchase and Sale Agreement ("PSA") dated October 29, 2013 *as amended.* Pursuant to the PSA Section 8.02 (d) Limitation on Liability,

> In the event of a dispute between the parties hereto with respect to the disposition of the amount held in escrow, the [Plaintiff] Escrow Agent shall be entitled, at its own discretion, to deliver such amount to an appropriate court of law pending resolution of the dispute.

9.      Each Defendant claims to have an interest in the Escrow Deposit. Defendants' conflicting demands regarding the right to the Escrow Deposit puts Plaintiff Escrow Agent in doubt as to which Defendant is entitled to the benefit of the Escrow Deposit, and how to apportion this among Defendants. Plaintiff Escrow Agent is prepared to tender into the registry of this Court the sum of $300,000 representing the amount of money deposited as the Escrow Deposit. Plaintiff Escrow Agent is a disinterested stakeholder as to such funds.

3

## PROPERTY TENDERED INTO COURT

10.    Therefore, Plaintiff Escrow Agent, pursuant to the PSA Section 8.02(d) Limitation on Liability and Maryland Circuit Court Rule 2-221(a)(5), intends to tender into the Court $300,000.00, which is the total amount of money deposited by Buyer Defendant to Plaintiff regarding the cancelled commercial escrow transaction for the purchase and sale of the Property. Plaintiff Escrow Agent requests that the Court "discharge the [P]laintiff from further liability with respect to the cancelled commercial escrow transaction for the purchase and sale of the Property upon deposit of the [money] with the [C]ourt."

## FACTS

11.    Pursuant to a Purchase and Sale Agreement ("PSA") dated October 29, 2013 as amended, Seller Defendants and Buyer Defendant entered into a transaction for the purchase and sale of an office park. The two buildings are located at 4001 and 4061 Powder Mill Road, Beltsville, Maryland 20705 (the "Property").

12.    Per Section 1.02 of the PSA, Buyer Defendant was to deposit $100,000 initially to Plaintiff Escrow Agent and to be "held by [Plaintiff] Escrow Agent in an interest bearing account as directed by Buyer [Defendant]", followed by another $350,000 (the "Additional Deposit") after the third business day following the expiration of a due diligence period ("the Study Period").

13.    On May 23, 2014, Attorney Joseph W. Creech, Esquire, on behalf of Buyer Defendant, wrote to Seller Defendants, care of Richard Perkins, and cancelled the transaction, stating "[T]he Buyer is hereby terminating the Agreement[]" and "[D]irect[ed] [Plaintiff] Escrow Agent to return the Deposit to Buyer [Defendant]." Per the PSA, "Buyer [Defendant] shall have

no obligation to increase the Deposit…if the [PSA] has been terminated prior to the date Buyer [Defendant] is otherwise to have paid the Additional Deposit." A true copy of the May 23, 2014 Original Termination Notice is attached hereto as Exhibit A.

14.    On May 27, 2014, Attorney Barry Haberman, on behalf of Seller Defendants, responded to Joseph Creech's May 23, 2014 Termination Notice and "Contest[ed] the ability of [Buyer Defendant] to terminate the above referenced contract" and stating that "[T]he Sellers believe that all material terms had been agreed to on such Agreement and therefore [Defendant] Buyer had no basis to terminate under Section 2.02 of the [PSA]." The letter further stated that the Lender did not modify the loan terms and since "the [Defendant] Buyer failed to set a closing date, it cannot be the basis for a termination." The letter further stated that "[t]he Seller hereby takes the position that the Buyer's purported termination is not valid and is in fact a default under the contract entitling [Seller Defendants] to recover the deposit. Accordingly, [Seller Defendants] hereby direct the [Plaintiff] Escrow Agent to release the deposit to [Seller Defendants]." A true copy of the May 27, 2014 Letter from Barry Haberman to Joseph Creech attached hereto as Exhibit B.

15.    The parties attempted to re-start the transaction. Sometime around the time of the due diligence period, Buyer Defendant deposited an additional $200,000, for a total of $300,000 paid to Plaintiff by the Buyer Defendant.

16.    The Buyer and Seller Defendants have issued mutually contradictory demands on Plaintiff that it pay the money it is holding to them. These competing claims may subject Plaintiff to double or multiple liability. Accordingly, Plaintiff requests that they present their claims to the Court.

5

## COUNT I – INTERPLEADER

17.     Plaintiff reincorporates into this Count by reference the allegations of all other Paragraphs of this Complaint as if fully restated herein.

18.     The Defendants have issued competing and mutually contradictory demands as to who should receive the escrowed funds.

19.     Complying with any demand issued to Plaintiff might subject Plaintiff to double or multiple liability.

20.     WHEREFORE, Plaintiff respectfully requests that the Court order the following relief:

A.     That the Court accept jurisdiction of this interpleader action;

B.     That each of the Defendants be restrained from instituting any action against Plaintiff for the recovery of the funds at issue in this Action;

C.     That Plaintiff Escrow Agent be discharged from any further liability in connection with the cancelled commercial escrow transaction for the purchase and sale of the Property by deposit of $300,000 with the court, and specifically that Plaintiff Escrow Agent be found to have no obligation to continue to defend or indemnify Buyer or Seller Defendants;

D.     That Buyer and Seller Defendants be required to resolve through this interpleader their competing claims as to the cancelled commercial escrow transaction for the purchase and sale of the Property; and

E.     That Plaintiff Escrow Agent be awarded its costs and reasonable attorney's fees and such other relief as this Court may deem fit.

6

Respectfully Submitted,

COMMONWEALTH LAND TITLE
INSURANCE COMPANY
By Counsel

FIDELITY NATIONAL LAW GROUP
The Law Division of Commonwealth Land Title Insurance Company

By: _Michael W. Tompkins_

Michael W. Tompkins, PGCAttorney No. TO0420
8100 Boone Boulevard, Suite 610
Vienna, Virginia 22182-2649
(T) (703) 245-0286
(F) (703) 821-1618
Michael.Tompkins@fnf.com
Counsel for Plaintiff

## CERTIFICATION UNDER RULE 1-313

In accordance with Md. R. 1-313, I certify that I am admitted to practice law in the State

of Maryland.

FIDELITY NATIONAL LAW GROUP
The Law Division of Commonwealth Land Title Insurance Company

By: _Michael W. Tompkins_

Michael W. Tompkins, PGCAttorney No. TO0420
8100 Boone Boulevard, Suite 610
Vienna, Virginia 22182
(T) (703) 245-0286
(F) (703) 821-1618
Michael.Tompkins@fnf.com
Counsel for Plaintiff

7

## **EXHIBITS**

A.  Letter from Joseph W. Creech, Esquire to CenterPark Theatre, L.L.C. and CenterPark Two, L.L.C. (May 23, 2014).

B.  Letter from Barry A. Haberman, Esquire to Joseph W. Creech, Esquire (May 27, 2014).